**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FABIAN THOMAS** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-2166-M** |
| | ) | |
| **JOANN JOHNSON, CHAIRMAN** | ) | |
| **NATIONAL CREDIT UNION** | ) | |
| **ADMINISTRATION** | ) | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On this day came on to be considered Plaintiff's Motion for Default Judgment filed on January 24, 2007, and Defendant's Motion to Dismiss Under the Provisions of Rule 12(b)(2)(4) and (5) filed on January 30, 2007, and the magistrate judge finds and recommends as follows:

A condition precedent to the granting of a motion for default judgment is a showing that valid service of process was effected. See Recreational Props. Inc. v. Southwest Mortgage Service Corp., 804 F.2d 311, 314 (5th Cir. 1986). In the present case complete service of process was effected no earlier than February 8, 2007, the date on which the United States Attorney was served. See Rule 4(i)(1)(A) and Defendant's counsel's letter dated February 23, 2007. Therefore, a motion for default judgment filed prior to April 10, 2007, is without merit and Plaintiff's motion filed on January 24, 2007, should be denied.

By letter dated February 27, 2007, Defendant's counsel has moved to withdraw Defendant's motion to dismiss and submits that Defendant's response pleadings are now due on April 9, 2007.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court enter its order denying

Plaintiff's motion for default judgment and that Defendant's motion to withdraw be granted.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendant.

SIGNED this 28th day of February, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.