UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FABIAN THOMAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-2166-M |
| | § | |
| JOANN JOHNSON, | § | |
| Chairman, National Credit | § | |
| Union Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on December 4, 2006, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Type of case: This is a civil rights complaint brought by a federal government employee pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Parties: Plaintiff is an employee of the National Credit Union Administration, an independent agency in the executive branch of the federal government.[1] JoAnn Johnson is Chairman of the National Credit Union Administration.

Procedural History: The procedural history with respect to Plaintiff's allegations of discrimination is recited in the decision of the Equal Employment Opportunity Commission ("EEOC") dated August 23, 2006, a copy of which is attached to Plaintiff's complaint. *See*

---

[1] *See* 12 U.S.C. § 1752a(a) (characterizing the National Credit Union Administration as an executive agency).

Compl., Ex. A, EEOC Decision 1-7. Briefly stated in summary, Thomas alleged that he had been discriminated against on the bases of race (African-American), and sex (male), when, on or about July 14, 2004, despite being qualified and having requested a career-ladder promotion, the NCUA failed or refused to promote him from his position as an examiner to an available principal examiner position. The agency conducted an investigation and notified Plaintiff of his right to request a hearing before an Administrative Judge ("AJ"). Plaintiff timely requested a hearing and the AJ conducted a hearing via telephone on August 8, 2005. On August 25, 2005, the AJ issued a decision, finding that Plaintiff had failed to establish that the non-discriminatory reasons proffered by Defendant for not promoting him were pretext for discrimination. On September 8, 2005, the agency issued a final order adopting the AJ's findings. Plaintiff filed an appeal of the agency's decision to the EEOC on October 11, 2005. On August 23, 2006, the EEOC issued its decision in which it found that the AJ abused her discretion in conducting a telephonic hearing, and vacated the final agency decision and remanded the case for an in-person hearing. EEOC Decision 3. Plaintiff filed his federal complaint on November 22, 2006, 89 days after receiving a copy of the Commissioner's decision. On April 9, 2007, Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(1) and (6). As of the filing of this report and recommendation, Plaintiff has not filed a response.

<u>Findings and Conclusions</u>: Defendant argues that the court lacks jurisdiction over the subject matter of Plaintiff's claim because Plaintiff failed to exhaust administrative remedies before filing suit. According to Defendant, because the EEOC vacated the decision of the agency without reaching the merits of Plaintiff's discrimination claim, Plaintiff was required to allow the agency an opportunity to reach a final decision on the merits of his claim before filing suit in

2

federal court. Additionally, Defendant argues that Plaintiff's claim should be dismissed because the only decision subject to review–the EEOC's determination that Plaintiff's claim should be remanded for an in-person hearing–does not provide a basis upon which relief can be granted.

Title VII, along with Executive Order Number 11478, 34 F.R. 12985 (1969), prohibits discrimination based on race, color, religion, sex or national origin in federal government employment practices and permits aggrieved employees to seek redress in federal court. However, in an attempt to encourage complaints of discrimination to be resolved at the federal agency level rather than the district court level, Title VII permits an aggrieved employee to file a federal civil action only after giving the agency that allegedly discriminated against him notice of the claim and an opportunity to investigate the allegation. 29 C.F.R. §§ 1614.106(a), 1614.407; *see also Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (holding that a federal employee alleging employment discrimination in violation of Title VII must exhaust applicable administrative remedies before filing suit). If the agency completes its investigation and issues an adverse final decision, the employee is considered to have exhausted his administrative remedies and is permitted, but not required, to file a federal civil action. § 1614.407(a). In the alternative, an employee who receives notice of an adverse final agency decision may elect to pursue further relief at the administrative level by filing an appeal with the EEOC. § 1614.401. Upon receiving a decision on appeal to the EEOC, the employee may file suit in federal court. § 1614.407(c).

Moreover, following its August 23, 2006, decision, the EEOC specifically advised Plaintiff that he could file a complaint in federal court pursuant to § 1614.407. *See* EEOC Decision, "Complainant's Right to File a Civil Action," 5. Therefore, Defendant's argument that

Plaintiff has prematurely filed this action is without merit. Likewise, because Plaintiff complied with the regulations governing the filing of his claim before seeking judicial relief, Defendant's argument that Mr. Thomas's complainant is subject to dismissal under Rule 12(b)(6) is without merit.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order DENYING Defendant's motion to dismiss under 12(b)(1) and (6). A copy of this recommendation shall be transmitted to Plaintiff and to counsel for Defendant.

Signed this 7th day of June, 2007.

Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.