UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FABIAN THOMAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-2166-AH |
| | § | |
| JOANN JOHNSON, | § | |
| Chairman, National Credit | § | |
| Union Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consent of the parties and the District Court's order of transfer of September 7, 2007, currently before the court is Defendants' Motion to Dismiss pursuant to Rule 12(h)(3). For the reasons set forth below, Defendant's motion is denied.

This is a civil rights complaint brought by a federal government employee pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff is an employee of the National Credit Union Administration ("NCUA"), an independent agency in the executive branch of the federal government.[1] Defendant JoAnn Johnson is Chairman of the NCUA.

Plaintiff brings suit under Title VII, alleging that he was discriminated against because of his race (African-American), and sex (male), when, on or about July 14, 2004, despite being qualified and having requested a career-ladder promotion, the NCUA failed or refused to promote him from his position as an examiner to an available principal examiner position.

In response to Plaintiff's original discrimination claim, the NCUA conducted an

---

[1] *See* 12 U.S.C. § 1752a(a) (characterizing the National Credit Union Administration as an executive agency).

investigation and notified Plaintiff of his right to request a hearing before an Administrative Judge ("AJ"). Plaintiff timely requested a hearing and the AJ conducted a hearing via telephone on August 8, 2005. On August 25, 2005, the AJ issued a decision, finding that Plaintiff had failed to establish that the non-discriminatory reasons proffered by Defendant for not promoting him were pretext for discrimination. On September 8, 2005, the agency issued a final order adopting the AJ's findings.

Plaintiff filed an appeal of the agency's decision to the EEOC on October 11, 2005. Plaintiff filed suit in federal court on May 19, 2006, 220 days after he filed his appeal with the EEOC. On August 23, 2006, the EEOC, apparently unaware of Plaintiff's federal suit, issued its decision in which it found that the AJ abused her discretion in conducting a telephonic hearing, and vacated the final agency decision and remanded the case for an in-person hearing. *See* Compl., Ex. A, EEOC Decision dated August 23, 2007, at 3. On October 6, 2006, the EEOC dismissed Plaintiff's administrative proceeding pursuant to 29 C.F.R. 1614.107(a), which requires dismissal of an agency complaint that is the basis of a pending civil action.

On November 22, 2006, Plaintiff's action filed in No. 3:06-cv-00899 was dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Plaintiff filed the present action on November 22, 2006. On April 9, 2007, Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(1) and (6). The district court, accepting the magistrate judge's findings and recommendations, denied Defendant's motion by order dated June 7, 2007. Defendant filed the instant motion to dismiss on October 4, 2004, presenting substantially the same arguments for dismissal. Plaintiff responded on October 24, 2007 and Defendant filed her reply on November 6, 2007.

2

Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that the court lacks jurisdiction over the subject matter of Plaintiff's claim because Plaintiff failed to exhaust administrative remedies before filing suit. According to Defendant, because the EEOC vacated the decision of the AJ without reaching the merits of Plaintiff's discrimination claim, Plaintiff was required to allow the agency an opportunity to reach a final decision on the merits of his claim before filing suit in federal court. Additionally, Defendant argues that Plaintiff's claim should be dismissed because the only decision subject to review–the EEOC's determination that Plaintiff's claim should be remanded for an in-person hearing–does not provide a basis upon which relief can be granted.

Title VII, along with Executive Order Number 11478, 34 F.R. 12985 (1969), prohibits discrimination based on race, color, religion, sex or national origin in federal government employment practices and permits aggrieved employees to seek redress in federal court. In an attempt to encourage complaints of discrimination to be resolved at the federal agency level rather than the district court level, Title VII permits an aggrieved employee to file a federal civil action only after giving the agency that allegedly discriminated against him notice of the claim and an opportunity to investigate the allegation. 29 C.F.R. §§ 1614.106(a), 1614.407; *see also Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (holding that a federal employee alleging employment discrimination in violation of Title VII must exhaust applicable administrative remedies before filing suit).

Moreover, Title VII allows an employee to seek relief in federal court after 180 days have passed since "the filing of the initial charge with the department, agency, or unit or with the [EEOC] on appeal from a decision or order of such department, agency, or unit . . ." 42

U.S.C. § 2000e-16(c). The Fifth Circuit has held that when a federal employee appeals an agency decision to the EEOC, this 180 day period starts over and, therefore, the employee must await a decision of the EEOC or 180 days from the filing of his appeal, whichever comes first. *Tolbert*, 916 F.2d at 249. Plaintiff filed his first federal action 220 days after he filed his appeal with the EEOC, while he was still awaiting the agency's decision.

Defendant argues that Plaintiff abandoned the administrative process and, therefore, did not exhaust his administrative remedies as required before filing suit in federal court. However, the Fifth Circuit has held that where, as here, "a case languished in the administrative phase for long beyond 180 days," abandoning the administrative process does not constitute "such a lack of cooperation as to bar suit by reason of failure to exhaust administrative remedies." *Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990). "Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires." *Id.*; *see also Martinez v. Dept. of U.S. Army*, 317 F.3d 511, 514 (5th Cir. 2003) (holding that employee who withdrew request for EEOC hearing and filed suit in federal court, thus terminating the administrative process, did not fail to exhaust administrative remedies). Defendant does not allege that Plaintiff failed to cooperate with the agency's investigation or the EEOC's investigation in good faith and, therefore, Plaintiff did not fail to exhaust his administrative remedies by discontinuing the administrative process and pursuing his claims in federal court.

For the reasons discussed above, Defendant's motion to dismiss is denied.

Signed this 14th day of November, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE