UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| FABIAN THOMAS | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-2166-AH |
| | § | |
| JOANN JOHNSON, | § | |
| Chairman, National Credit | § | |
| Union Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties and the District Court's order of transfer of September 7, 2007, in accordance with the provisions of 28 U.S.C. § 636(c) came on to be considered Defendant's motion for summary judgment, and the court finds and orders as follows:

SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue is "material" if it involves a fact that may affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving party presents evidence tending to show the absence of any genuine issue of fact, the opposing party must then identify specific evidence in the record which establishes the existence of one or more issues of fact, i.e. a non-movant may not merely rely on his or her pleadings. *See Anderson*, 477 U.S. at 256-57;

*see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, neither conclusory allegations nor hearsay statements are competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S. Ct. 82 (1992). In analyzing the competent evidence proffered by the parties, the facts and the inferences to be drawn are viewed in the light most favorable to the non-movants. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989).

BACKGROUND

This is a civil rights complaint brought by a federal government employee pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff Fabian Thomas ("Thomas" or "Plaintiff") is an employee of the National Credit Union Administration ("NCUA") and Defendant JoAnn Johnson is Chairman of the NCUA. Thomas alleges that he was discriminated against because of his race (African-American), and sex (male), when, on or about July 14, 2004, despite being qualified and having requested a career-ladder promotion, the NCUA failed or refused to promote him from his position as an examiner to an available principal examiner position. The NCUA instead promoted Linda Morris, a white female, to the principal examiner position.

On June 8, 2004, Robert Blachly, the supervisory examiner to whom Plaintiff was assigned, submitted an application for a promotion of Thomas to the CU-12 principal examiner position. Def. App. 279, *et seq*. Pursuant to the policies and procedures of the NCUA, supervisory examiners are responsible for determining which CU-11 examiners should be submitted for promotion to a CU-12 principal examiner position. Defendant's Appendix ("Def. App."), p. 18. Under NCUA policies, supervisory examiners are directed to submit "the names of only those individuals they have

2

determined and is [sic] considered competent to handle complex assignments, provide on-the-job training, and conduct team examinations." If the candidate is recommended for promotion, the candidate and the supervisory examiner are jointly responsible for preparing and assembling the promotion application package which is then submitted to a panel of evaluators (designated by the regional directors). Def. App., pp. 18-19. The evaluators assess each individual submitted for promotion in the following categories: decision making skills, technical skills, leadership skills, oral communication skills, written communication skills and direct management. Def. App., pp. 19-20. If the panel of evaluators recommends an individual for promotion, the regional director promotes the examiner to the CU-12 level. Def. App., p. 20.

Blachly resigned from NCUA on July 9, 2004. At or about the same time of Blachly's resignation both Thomas and Linda Morris, a white female who was also supervised by Blachly, submitted their promotion packages to Jeffrey Steele, Associate Regional Director for Programs. Steele submitted Morris' promotion package to the panel of examiners but did not submit Plaintiff's package. Thomas claims that Steele did not submit him for a promotion to the CU-12 position because of discrimination based on his race (African-American) and gender (male).

Steele states that he did not submit Plaintiff's promotion package because he did not believe that Plaintiff was ready for promotion. Def. App. p. 6, 8. In his affidavit executed on December 22, 2004, Steele cited several reasons for this conclusion. First, Steele pointed to Plaintiff's behavior during a joint conference with the North East Texas Teachers FCU in late 2003. Steele stated that Thomas was "condescending towards the management officials of the credit union and spent an hour haranguing them" and that he "left the meeting feeling that we had made no friends because of [Plaintiff's] adversarial position." Def. App. p. 8. In addition, Steele cited a "mid-2004" complaint

3

by the State of Texas against Plaintiff. *Id*. Steele also noted that he felt that Ms. Morris was more qualified for a promotion than Plaintiff because her analytical skills were better than those of Plaintiff, she had excellent "people skills" while Plaintiff did "not have good people skills", and performance reviews rated Morris at the "Highly Successful" level whereas Plaintiff was rated "Fully Successful." *Id.* at pp.8-9.

Steele based his opinion of Plaintiff's analytical skills on "quality control reviews" from Lamar and St. John Dallas credit unions, which were longer than the usual reviews and noted deficiencies in Thomas's reports for those credit unions. Steele Deposition, Def. App. p. 44, 48-49. In fact, the NCUA Regional Director sent memos to Blachly asking that certain deficiencies in these reports be reviewed and discussed with Thomas and that the supervising examiner "respond outlining [his] plans for assuring problem resolution in [Lamar] credit union and further outlining any recommendations with regard to Examiner Thomas' work . . ." Def. App. p. 120-122. Steele also based his opinion on a complaint filed against Thomas by the Las Colinas Credit Union which addressed issues with the manner in which Thomas completed his examination of the credit union. *Id*. at 47-48. Because of issues with Robert Blachly at the time, Steele was responsible for responding to the Las Colinas complaint. Steele Dep., Def. App. p. 47.

Plaintiff filed an employment discrimination complaint with the NCUA on August 30, 2004 alleging that he was passed over for promotion because of his race and sex. Def. App. pp. 1-4. In response, the NCUA conducted an investigation and notified Plaintiff of his right to request a hearing before an Administrative Judge ("AJ"). Plaintiff timely requested a hearing and the AJ conducted a hearing via telephone on August 8, 2005. On August 25, 2005, the AJ issued a decision, finding that Plaintiff had failed to establish that the non-discriminatory reasons proffered

4

by Defendant for not promoting him were pretext for discrimination. On September 8, 2005, the agency issued a final order adopting the AJ's findings.

Plaintiff filed an appeal of the agency's decision to the EEOC on October 11, 2005, and also filed a discrimination complaint in this court on May 19, 2006.[1]  On August 23, 2006, the EEOC, apparently unaware of Plaintiff's federal suit, issued its decision in which it found that the AJ abused her discretion in conducting a telephonic hearing, and vacated the final agency decision and remanded the case for an in-person hearing. *See* Compl., Ex. A, EEOC Decision dated August 23, 2007, at 3. On October 6, 2006, the EEOC dismissed Plaintiff's administrative proceeding pursuant to 29 C.F.R. 1614.107(a), which requires dismissal of an agency complaint that is the basis of a pending civil action

Plaintiff filed the present action on November 22, 2006. Defendant filed her motion for summary judgment on April 28, 2008. Plaintiff filed a response on May 14, 2008, followed by Defendant's reply filed on May 27, 2008.

BURDENS OF PROOF UNDER TITLE VII

Under Title VII, it is unlawful for an employer to discharge or otherwise discriminate against any individual on the basis of race. 42 U.S.C. § 2000e-2(a)(1). Because Thomas attempts to prove his discrimination claim by indirect or circumstantial evidence, we apply the familiar *McDonnell Douglas*[2] test. *See also Tex. Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089 (1981). Under this analysis, Thomas must first establish a prima facie case of discrimination that, if demonstrated, "creates a presumption that [Defendant] unlawfully discriminated against

---

[1] The initial complaint against Joann Johnson in No. 3-06-CV-899-M was ultimately dismissed on March 21, 2007, pursuant to Rule 4(m), Federal Rules of Civil Procedure.

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 935 S. Ct. 1817 (1973).

[him]." *Id*. Second, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action about which he complains. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S. Ct. 2742 (1993). Defendant's burden is one of production, not proof, and involves no credibility assessments. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097 (2000)). If Defendant meets his burden, then Thomas bears the ultimate burden of proving discrimination under one of two means. Thomas may offer proof sufficient to create a genuine issue of fact either " '(1) that Defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative) or (2) that Defendant's reason, while true, is only one of the reasons for its conduct, and that another 'motivating factor' is the plaintiff's protected characteristic (mixed motive[s] alternative)'." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). A plaintiff's "subjective belief that he was not selected for the position based upon race . . . is insufficient to create an inference of the defendant['s] discriminatory intent." *Roberson v. Alltel Information Servs.*, 373 F.3d 647, 654 (5th Cir. 2004) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999)).

FAILURE TO PROMOTE CLAIM

Before considering the summary judgment evidence submitted with Defendant's motion and Plaintiff's response it is appropriate to address Plaintiff's pleadings filed on June 2, 2008, styled "Plaintiff's Response to Defendant's Reply in Support of Defendant's Motion for Summary Judgment." In essence it constitutes a surreply to Defendant's reply filed on May 27, 2007, in support of her motion for summary judgment. Defendant has moved to strike Plaintiff's June 2, 2008, pleading, noting that Thomas filed his surreply without requesting and obtaining leave of court

6

as required by Local Rule 56.7. On the same date, June 4, 2008, Plaintiff filed a motion for leave to supplement, citing his desire to include testimony of Ms. Linda Russ, given at her deposition on April 24, 2008.

Ms. Russ's observations with respect to a meeting attended by Plaintiff, Mr. Steele and Mr. Blachly were known to Plaintiff when he filed his response to Defendant's motion for summary judgment on May 14, 2008. However, he did not submit her deposition testimony with his response, nor request an extension of time within which to file his response, noting only that he would present her testimony at trial. He also appears to question Steele's statement that no complaints had been made against Morris, an argument previously urged in his response and addressed at page 9, *infra*.

Defendant broached no new matters in her reply. Thomas has failed to show any basis for permitting him to attempt to demonstrate a genuine issue of face on a piece meal basis. To allow a party multiple opportunities to defeat an opponent's motion for summary judgment without substantial justification undermines the very reasons which permit summary disposition of claims under Rule 56. Therefore, Defendant's motion to strike is meritorious. Moreover, the asserted factual dispute with regard to a meeting of the North East Texas Teachers FCU is insufficient to establish a fact issue as to whether the non-submission of Plaintiff's application for promotion was a pretext for prohibited discrimination. Therefore, Defendant's motion to strike is granted, and in the alternative Plaintiff's motion to supplement is denied.

A defendant does not bear the burden of proof at trial and, therefore is entitled to summary judgment if she points the court to an absence of evidence to support a plaintiff's claim. *See Celotex*, 477 U.S. at 325. In turn, in the present case to avoid summary judgment, Thomas must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Thomas can establish a prima facie case on his failure to promote claim by proving that (1) he was not promoted; (2) he was qualified for the position he sought; (3) he was within a protected class at the time of the failure to promote; and (4) either the position he sought was filled by someone outside the protected class or he otherwise was not promoted because of his race (and/or sex). *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001) (citing *Burdine*, 450 U.S. at 252-53. It is undisputed that Thomas was not promoted, that he was a member of a protected class - i.e. an African-American and a male - at the time he was not promoted, and that the position was filled by Linda Morris, who was neither an African-American nor a male. However, Defendant has asserted legitimate, nondiscriminatory reasons for selecting Morris, to wit: (1) Morris's analytical skills were superior to Plaintiff's (as evidenced by quality control reviews filed regarding Plaintiff's reports and a complaint by Las Colinas Credit Union); (2) Morris' "people skills" were better than Plaintiff's (as evidenced by Steele's observations of Plaintiff during a late 2003 meeting at North East Texas Teachers credit union); and (3) in her performance review Morris was rated as "Highly Successful" while Plaintiff was rated as "Fully Successful."[3]

Because Defendant has identified legitimate, nondiscriminatory reasons for her decision to promote Morris rather than Thomas, the court proceeds to the third step of the *McDonnell Douglas* analysis – pretext. Under the pretext approach, as discussed above, Thomas must establish that

---

[3]Johnson also cites a complaint by the State of Texas as a basis for Steele's decision to not submit Plaintiff for promotion. However, the record shows that the complaint, *see* Def. App. at 455, was not communicated until September 25, 2004, long after Steele made his decision and after Thomas had filed his discrimination complaint with the NCUA. When an employer offers non-discriminatory reasons for an employment decision, the court must consider only those facts known at the time the decision was made. *Patrick v. Ridge*, 394 F.3d 311, 318-19 (5th Cir. 2004).

Defendant's reasons are not true but are in fact a pretext for discrimination. To demonstrate pretext, Thomas "must put forward evidence rebutting *each* of the nondiscriminatory reasons [his] employer articulates." *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 220 (5th Cir. 2001) (emphasis added); *see also Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). The evidence offered to counter Defendant's proffered reasons must be substantial. *Wallace*, 271 F.3d at 220. Thomas may not rely on his own conclusory assertions as such "conclusory statements are not competent evidence to defeat summary judgment." *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007). Instead, he "must offer specific evidence refuting the factual allegations underlying [Defendant's] reason[s]." *Id*. at 346.

Thomas offers no evidence that the reasons put forth by Defendant are untrue or otherwise a pretext for discrimination. With respect to Steele's first reason for promoting Morris – that Morris' analytical skills were superior to Thomas'– Thomas argues only that Morris also had a complaint filed against her and, therefore, the use of the Las Colinas complaint as a reason for not promoting him is a pretext for discrimination. However, the complaint referred to by Thomas (Plaintiff's Exhibit 6 attached to his Response to Defendant's Motion for Summary Judgment) was sent to NCUA in May 2005, almost a year after the NCUA chose Morris for the promotion at issue. Because the complaint was not received prior to the date Morris was chosen for promotion, it could not have had any effect on her selection. *See Patrick v. Ridge*, *see* n. 3, page 8, *supra.* Thomas also cites complaints filed against other NCUA employees who were promoted to CU-12 positions, suggesting that Defendant's consideration of the Las Colinas complaint must have been pretextual because others were promoted despite complaints in their files. However, these promotions are not at issue. *See* Def. App. pp. 1-4 (Plaintiff's Complaint of Discrimination). In addition, there is no

9

evidence that these other employees were similarly situated to Thomas so as to render evidence of their treatment material to the third step in the *McDonnell Douglas* analysis.

With respect to the second reason, Plaintiff's deficient "people skills," as noted above Thomas failed to timely submit Linda Russ's deposition testimony. Further, the fact that the recollection of Ms. Russ may differ from that of Jeffrey Steele does not establish that Steele's observation that Plaintiff's "people skills" were lacking was a pretext for discrimination.

With respect to relative qualifications, Thomas argues that he has far more education and experience than Linda Morris. However, he concedes that neither is a prerequisite for promotion to the CU-12 position. Moreover, "in order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must 'leap from the record and cry out to all who would listen that he is vastly - or even clearly - more qualified for the subject job'." *Price v. Federal Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002) (citing *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993). Comparing the qualifications of Thomas and Morris, it cannot be said that Thomas' qualifications "leap from the record" or show that he was vastly more qualified for a promotion. Further, even assuming the two candidates were equally qualified, "the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259, 101 S. Ct. 1089 (1981).

Finally, Thomas attempts to show pretext by arguing that the NCUA has not promoted any African-American males. This fact does not create a genuine issue of fact as to whether Defendant's stated reasons were pretextual. *See Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003).

In conclusion, Thomas has not presented evidence sufficient to create a genuine issue of fact

as to whether all of the reasons proffered by Defendant for not selecting him for a promotion to a CU-12 principal examiner positioner were false. Where, as here, the plaintiff has offered no evidence to rebut the employer's facially benign explanations, no inference of discrimination can be drawn. *See EEOC v. La. Office of Cmty. Servs.*, 47 F. 3d 1438, 1447-48 (5th Cir. 1995).

CONCLUSION

For the foregoing reasons, it is ordered that Defendant's motion for summary judgment is granted and Plaintiff's case is dismissed with prejudice.

Signed this 17th day of June, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE